**Decided June 17, 1985**

FILED
Clerk
District Court

JUN 1 7 1985

For The Northern Mariana Islands
By _____
(Deputy Clerk)

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

LAWRENCE FLEMING,                    )        CIVIL ACTION NO. 84-0006
                                     )
            Plaintiff,               )
                                     )
        vs.                          )        DECISION
                                     )
DEPARTMENT OF PUBLIC SAFETY,         )
and COMMONWEALTH OF THE              )
NORTHERN MARIANA ISLANDS,            )
                                     )
            Defendants.              )
_____)

The plaintiff Lawrence Fleming brings this action against the defendants Department of Public Safety (DPS) and the Commonwealth of the Northern Mariana Islands pursuant to 42 U.S.C. §1983 for alleged violations of his constitutional rights in allegedly refusing to hire him to the position of Police Officer I. Before the Court are two motions: 1) Fleming's motion for reconsideration of the Court's earlier decision striking Fleming's jury trial demand; and 2) the Commonwealth's motion for summary judgment. The Court has read the briefs and has heard the arguments of counsel and is now ready to render its decision on these matters.

/////
/////

AO 72
(Rev.8/82)

A. Motion for Reconsideration

In its written decision filed on April 11, 1985, this Court struck Fleming's demand for jury trial. In essence this Court found that the only legal damages which Fleming sought· for the alleged violations of his constitutional rights were back wages. Under the reasoning of Williams v. Owens-Illinois, Inc., 665 F.2d 918 (9th Cir.1982), such damages are considered to be merely incidental to Fleming's request for injunctive relief and do not entitle him to a jury trial. Fleming included in his prayer in a separate numbered paragraph a demand for "damages in the sum of $100,000.00 for pain, suffering and humiliation and loss of reputation arising out of the false and defamatory statements uttered by the defendant's agents and employees." The nature and form of this demand led the Court to believe that Fleming was seeking defamation damages separate from and independent of the §1983 claim. Accordingly, the jury demand was denied pursuant to §501(a) of the Covenant.

Fleming, in this motion, argues that the monetary damages he seeks, including pain, suffering and related damages all flow from the violation of his civil rights. Fleming notes that nowhere in the body of his complaint does he assert a claim for common law defamation, nor does he make the necessary jurisidictional allegation to support a pendant common law claim. Of some importance as well is the representation of Fleming's counsel made at the hearing on this motion that

AO 72
(Rev.8/82)

Fleming no longer seeks injunctive relief in this action. Fleming has convinced this Court that, in redress of the alleged constitutional violations, he in fact does seek legal damages which are not properly characterized as incidental to equitable relief, notwithstanding the perhaps inartful nature and form of his prayer for relief.

Accordingly, Fleming is entitled to a jury trial under the Seventh Amendment; the previous Decision of this Court striking the jury demand is vacated and Fleming's demand is reinstated. The parties should be prepared to present this case to a jury on June 24, 1985.

B. Summary Judgment

As the Court concludes that no separate claim for common law defamation has been asserted by Fleming, the only issue to be decided as to the Commonwealth's motion for summary judgment is whether or not DPS is amenable to suit under §1983. This Court has previously held that the Commonwealth and its agencies are proper defendants in an action brought pursuant to 42 U.S.C. §1983. Island Aviation, Inc. v. Mariana Islands Airport Authority, Civ. No. 81-0069(D.N.M.I. Memorandum Decision filed May 26, 1983). Accordingly, the motion for summary judgment is denied.

AO 72
(Rev.8/82)

210

DATED this _____17ᵗᴴ_____ day of June, 1985.

_____
JUDGE ALFRED LAURETA

AO 72
(Rev.8/82)